## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

BILT TECHNOLOGIES, INC.,

      Plaintiff/Counterclaim-Defendant,

      *-against-*

BILT, INC.,

      Defendant/Counterclaim-Plaintiff.

Case No. 1:21-cv-09500-PKC

Hon. P. Kevin Castel

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, the parties to this action (collectively, the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information, trade secrets, investment methodologies, and other valuable research, development, commercial, financial, technical and/or proprietary information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree that this Order will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit and responses to requests for documents, and any other information of material produced, given or exchanged, including any information contained therein or derived therefrom (the "Discovery Material") by or among any Party or Non-Party (the "Non-Party") providing Discovery Material (each a "Producing Party");
and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

1

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

I.      DURATION AND ENFORCEMENT

1.      This Order shall survive the termination of this action and will continue to be binding upon all persons to whom Protected Material (as defined below) is produced or disclosed. To the extent that Discovery Material becomes known to the public through no fault of the Receiving Party, the Discovery Material shall no longer be subject to the terms of this Order.

2.      This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

II.     MANNER AND TIMING OF DESIGNATIONS

1.      Each Party or Non-Party that designates information or items for protection (the "Protected Material") under this Order (the "Designating Party") must take care to limit any such designation to specific material that qualifies under the appropriate standards identified below.

2.      A Producing Party may designate Discovery Material as "Confidential" pursuant to this Order if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information ("Confidential Material"), including:

A.      Previously non-disclosed business plans, product-development information or marketing plans belonging to a Producing Party or any company for which a

Producing Party provided, provides, offered to provide, or was solicited to provide, such Producing Party's services;

B.      Any information of a personal or intimate nature regarding any individual; or

C.      Any other category of information the Court subsequently affords confidential status.

3.      A Producing Party may designate Discovery Material as "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order if such party in good faith believes that disclosure of such Discovery Material is substantially likely to cause injury to the Producing Party ("AEO Material"):

A.      Trade secrets as defined under applicable state and federal law;

B.      Financial information including but not limited to accounting records, revenues, costs, profits, confidential pricing, and overhead;

C.      Information relating to a Party's business strategy or investment methodologies including but not limited to future business plans such that disclosure to Receiving Party would risk a high degree of competitive disadvantage;

D.      Information of an extremely high degree of current commercial sensitivity or that would provide a competitive advantage to Receiving Party, as a competitor, if disclosed; or

E.      Any other category of information the Court subsequently affords Highly Confidential – Attorneys' Eyes Only status.

4.      Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated

before the material is disclosed or produced.  Designation shall be made in compliance with the following manner:

A.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "Confidential Legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "AEO Legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the Protected Material (e.g., by making appropriate markings in the margins).  In the case of electronically stored information produced natively, by including the Confidential Legend or AEO Legend in the file or directory name, or by affixing the legend to the media containing the Protected Material (e.g., CD-ROM, DVD, Flash or Thumb Drive).

B.      A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed AEO Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Prior to producing the documents, the Producing Party must affix the Confidential Legend or AEO Legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (e.g., by making appropriate markings in the margins).

C.      For confidential material obtained from testimony given in a deposition, the Designating Party shall identify such deposition testimony as Protected Material on the record before the close of the deposition or within twenty-one days following receipt of the deposition transcript; the entire transcript shall be treated as Confidential until such twenty-one day period ends.

D.      For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored, the Confidential or AEO Legend.   If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

III.    <u>CHALLENGING PROTECTED DESIGNATIONS</u>

1.      If a Designating Party discovers that information that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties (the "Receiving Party" or "Receiving Parties") that it is withdrawing the inapplicable designation.

2.      Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Individual Rules and Procedures and Case Management Order. Such a challenge is not waived merely because it was not commenced promptly after receipt of the designated information.

3.      The challenging Party shall promptly schedule a time to meet and confer with the Designating Party to attempt to resolve the dispute without involvement of the Court.

4.      If the Parties cannot resolve the dispute, the challenging Party may initiate a discovery dispute pursuant to the Court's Individual Rules and Procedures.

5.      The Designating Party shall bear the burden of persuasion in any such challenge proceeding.   Unless the Designating Party has waived or withdrawn the confidentiality designation, all Receiving Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

IV.     <u>INADVERTENT FAILURES TO DESIGNATE</u>

A Designating Party does not waive its right to secure protection under this Order for failure to designate Protected Material, provided that the Designating Party notifies all other Parties that such material is protected within ten (10) days from when the failure to designate first becomes known to the Designating Party. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Discovery Material is treated in accordance with the provisions of this Order.

V.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

1.      A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. The Protected Material may not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose.

2.      The Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

3.      The Receiving Party shall take reasonable steps to prevent the unauthorized access, use or disclosure of the Protected Material.   The Receiving Party shall ensure that Protected

Material is maintained with the same duty of care with which the Receiving Party protects its own trade secrets or other confidential financial, research, development, communications, or commercial information which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. In no event shall the Receiving Party access such Protected Material over public wireless networks without the use of secure socket layer ("SSL") tunneling, a virtual private network conduit ("VPN") or similarly secure networking technology actively in place. The Receiving Party shall host all Protected Material in secure systems, encrypted in transit and at rest, and otherwise subject to appropriate physical security measures, with suitable authentication systems.

VI.   <u>DISCLOSURE OF "CONFIDENTIAL" INFORMATION OR ITEMS</u>

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item with a Confidential Legend only to:

1.      The Receiving Party's outside counsel of record in this action, as well as outside counsel's employees to whom it is reasonably necessary to disclose the information for this action;

2.      The Receiving Party's officers, directors, and employees to whom disclosure is reasonably necessary for this action;

3.      The Receiving Party's experts, retained by a Party or its counsel to serve as an expert witness or as a consultant in this action ("Experts), to whom disclosure is reasonably necessary for this action and who have signed the Acknowledgment and Agreement to Be Bound located in Exhibit A ("Exhibit A");

4.      The Court and its personnel;

5.      Court reporters, stenographers, deposition videographers, and their staff;

6.      Professional jury or trial consultants, mock jurors, and persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors ("Professional Vendors"), to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

7.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

8.      During their depositions or pre-trial proceedings in this action, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Confidential Material, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

9.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

10.     Any person who the Parties agree in writing may receive Confidential Information upon the terms agreed.

VII.    DISCLOSURE OF "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
        INFORMATION OR ITEMS

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information with an AEO Legend only to:

1.      The Receiving Party's outside counsel of record in this action, as well as outside counsel's employees to whom it is reasonably necessary to disclose the information for this Action;

2.      One in-house counsel designated by the Party, provided such in-house counsel executes the form attached as Exhibit A hereto;

3.      A Receiving Party's Expert to whom disclosure is reasonably necessary for this action and who has signed Exhibit A, provided that such Expert is not a competitor or existing or potential customer, or a director, officer, employee or agent of a competitor or of a customer or potential customer of the Designating Party;

4.      The Court and its personnel, Court reporters, stenographers, deposition videographers, and their staff;

5.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

6.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

7.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1.      If a Party or non-Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this action as Protected Material, that Party must:

A.      Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

B.      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

C.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

2.      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential or AEO Material before a determination by the court from which the subpoena or order was issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

IX.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

X.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If a Receiving Party receives any Discovery Material which the Designating Party deems to contain inadvertently disclosed information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection ("Privileged Material"), such inadvertent disclosure by any person of any Privileged Material shall not waive any such privilege or protection, for the Privileged Material or for the subject matter of that material, in the action or any other state or federal proceeding or other proceeding, pursuant to Federal Rule of Evidence

10

502(d) and (e) and Federal Rule of Civil Procedure 26(b)(5)(B). This Order shall not excuse a Designating Party from taking reasonable steps to identify, in advance of production, its documents and information which contain Privileged Material. It is expressly contemplated that computerized searches of data using keywords and search terms to identify Privileged Material shall be considered sufficient and reasonable measures to support the assertion of inadvertent production. In the event Privileged Material has been inadvertently disclosed, the following "claw back" procedure shall apply:

A.   The Party seeking the claw back will send a letter identifying the Privileged Material to be returned and stating the grounds for privilege;

B.   The recipient(s) thereof will either return the Privileged Material, without retaining any copies, or respond in writing within seven days, with an explanation as to why the Privileged Material should not be protected; if there is a dispute as to the return of the Privileged Material, the Party seeking the claw back and the applicable recipient(s) will meet and confer within seven days of the response required by this clause;

C.   If the issue remains unresolved, the Party seeking the claw back and the applicable recipient(s) will make an application to the Court within seven days of the meet and confer; and

D.   Until such time as the issue has been fully and finally resolved, such Privileged Material shall, for all purposes, be considered Privileged Material.

XI.   <u>RIGHT TO FURTHER RELIEF</u>

Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

XII.   RIGHT TO ASSERT OTHER OBJECTIONS

The Parties do not waive any right they otherwise would have to object to the disclosure or production of information not addressed in this Order. Similarly, no Party waives any right to object to the use in evidence of any of the material covered by this Order.

XIII.   FILING PROTECTED MATERIAL UNDER SEAL

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

XIV.   FINAL DISPOSITION

Following the final disposition of this action, including all appeals, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected

12

Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition transcripts and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

SO ORDERED

_March 30_____, 2022

New York, New York

HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

13

SO STIPULATED AND AGREED.


 /s/ Amanda H. Freyre_____          /s/ Joseph Lawlor (with consent)_____

Dated: March 25, 2022                          Dated: March 25, 2022

PILLSBURY WINTHROP SHAW PITTMAN                HAYNES AND BOONE, LLP
LLP
                                               Richard D. Rochford
MARK D. LITVACK                                Joseph Lawlor
AMANDA H. FREYRE                               30 Rockefeller Plaza, 26th Floor
31 West 52nd Street                            New York, NY 10112
New York, NY 10019                             Tel:  (212) 659-7300
*mark.litvack@pillsburylaw.com*                Fax: (212) 918-8989
*amanda.freyre@pillsburylaw.com*               Richard.Rochford@haynesboone.com
Tel:  (212) 858-1000                           joseph.lawlor@haynesboone.com
Fax: (212) 858-1500
                                               Jeffrey M. Becker
CAROLYN S. TOTO (*pro hac vice*)               (*admitted pro hac vice*)
725 South Figueroa Street, 36th Floor          2323 Victory Ave., Suite 700
Los Angeles, CA 90017-5406                     Dallas, TX 75219
*carolyn.toto@pillsburylaw.com*                Tel:  (214) 651-5066
Tel: (213) 488-7100                            Fax: (214) 200-0558
Fax: (213) 226-4018                            jeff.becker@haynesboone.com

*Attorneys for Plaintiff/Counterclaim-Defendant*   *Attorneys for Defendant/Counterclaim-*
*BILT TECHNOLOGIES, INC.*                       *Plaintiff BILT, Inc.*

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Confidentiality Agreement and Protective Order that was issued by the United States District

Court for the Southern District of New York on _____, 2022, in the case of *Bilt*

*Technologies, Inc. v. BILT, Inc.* - Case No. 1:21-cv-09500-PKC. I agree to comply with, and to

be bound by, all the terms of this Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Order to any person or entity except in strict compliance with the provision of this Order. I

further agree to submit to the jurisdiction of the United States District Court for the Southern

District of New York for enforcing the terms of this Order, even if such enforcement proceedings

occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print and type full address and

telephone number] as my New York agent for service of process in connection with this action or

any proceedings related to enforcement of this Stipulated Confidentiality Agreement and

Protective Order.

Date: _____          Print name: _____

City and State where sworn and signed:

_____          Signature: _____

15

16