UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

BILT TECHNOLOGIES, INC.,

        Plaintiff/Counterclaim-Defendant,

    -against-

BILT, INC.,

        Defendant/Counterclaim-Plaintiff.

------------------------------------------------------------ x

Case No. 1:21-cv-09500-PKC

Hon. P. Kevin Castel

## JOINT PRE-TRIAL ORDER

      Pursuant to the Court's Order entered on January 24, 2023 (Dkt. No. 71), Rule 6.A of the Court's Individual Rules of Practice, and Rule 26 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Bilt Technologies, Inc.[1] and Defendant and Counterclaim-Plaintiff Bilt, Inc.[2] ("Bilt Inc." together with Bilt Technologies, Inc., the "Parties" and individually a "Party") jointly submit the following proposed Joint Pre-trial Order. The paragraphs below correspond to those set forth in Rule 6.A of the Court's Individual Rules of Practice.

### THE NAME OF PLAINTIFF/COUNTERCLAIM-DEFENDANT

**a.**   **Bilt Technologies, Inc.'s Position:**

      Bilt Inc. objects to Bilt Technologies, Inc. referring to itself as "Bilt Rewards", despite the fact that Bilt Rewards markets itself as both "BILT" and "Bilt Rewards" as evidenced by multiple exhibits listed on Bilt Inc.'s Exhibit List (*see* Ex. D, BILTINC00015521 and BTECH0063008) and Bilt Rewards' website (www.biltrewards.com). In a case involving alleged consumer

---

[1] The Parties disagree on the name that Bilt Technologies, Inc. should be referred to at trial. The Parties set forth below their respective position on this issue.

[2] At the Court's convenience, Bilt Inc. is prepared to schedule a date for the trial in this action.

confusion, Bilt Rewards proposes to identify itself as it presents itself to the consuming public. The focus here should be on confusion to consumers, and Bilt Inc's attempt to avoid this reality is telling.

Although Bilt Technologies, Inc. is Bilt Rewards' legal name, like many other companies, it does not market itself with its legal entity name, and Bilt Rewards respectfully requests that the Court allows it to refer to itself as Bilt Rewards to be consistent with the evidence on both Parties' Exhibit Lists.  Despite Bilt Inc.'s suggestion to the contrary, this is not a matter of gamesmanship, but rather Bilt Rewards being accurate and consistent in using the name with which it presents itself to the consuming public.  Bilt Rewards is not insisting on how Bilt Inc. is naming itself so Bilt Rewards should be afforded that same ability without interference from Bilt Inc.

Accordingly, Bilt Rewards refers to itself as Bilt Rewards in its positions of the Joint-Pre-trial Order and the other pre-trial submissions.  If the Court determines that the Parties cannot individually determine how to refer to themselves, Bilt Rewards proposes that it be referred to as "Plaintiff" and Bilt Inc. be referred to as "Defendant" in all submissions to the jury.

**b.  Bilt Inc.'s Position:**

Bilt Technologies, Inc. seeks to alter its name for purposes of trial and have the Court declare that Bilt Tech. is now "Bilt Rewards" – in **_all_** submissions to the jury, including the verdict form, jury instructions, the Court's opening remarks, stipulated facts, *voir dire*, and everywhere else.[3] Bilt Inc.'s position is simple and fair – the Parties should be called by their actual names at trial. Because this is a trademark infringement case, the names that the Parties are referred to (especially by the Court in front of the jury) is of heightened importance. The Plaintiff/Counterclaim-Defendant in this action is "Bilt Technologies, Inc." – or "Bilt Tech." for

---

[3] Bilt Tech. is clearly seeking far more than just the ability to "refer to itself as Bilt Rewards."

short. Bilt Tech. never used a d/b/a in the case caption or in any corporate filings.

Below are examples showing the absurdity of Plaintiff/Counterclaim-Defendant suddenly insisting that its corporate name is not Bilt Technologies, Inc. or Bilt Tech.:

- "Plaintiff Bilt Technologies, Inc. ('Bilt Tech.') by and through its attorneys, brings this action against Defendant Bilt, Inc. ('Bilt Inc.')" (Bilt Tech.'s Compl., ECF No. 1 at Preamble and every paragraph thereafter);

- "Plaintiff and Counterclaim-Defendant Bilt Technologies, Inc. ('Bilt Tech.') by and through its attorneys, answers the claims included in the Counterclaims filed on December 8, 2021 (Dkt. 20) by Defendant and Counterclaim-Plaintiff Bilt, Inc. ('Bilt Inc.')" (Bilt Tech.'s Answer to Countercls., ECF No. 21 at Preamble and every paragraph thereafter);

- "Bilt Tech. admits that it was aware of the existence of Bilt Inc. and U.S. Registration No. 4,981,528 as of June 22, 2021" (Bilt Tech.'s 3/14/2022 Resp. to Req. for Admis. No. 15, as well as every other objection and response);

- "Pursuant to Federal Rule of Civil Procedure 33, Plaintiff and Counterclaim-Defendant Bilt Technologies, Inc. ('Bilt Tech.') hereby responds as follows to Defendant/Counterclaim-Plaintiff BILT, Inc.'s First Set of Interrogatories propounded by Defendant and Counterclaim-Plaintiff BILT, Inc. ('Bilt Inc.') to Bilt Tech. on February 11, 2022" (Bilt Tech.'s 3/14/2022 Interrog. Resps., Preamble and every paragraph thereafter);

- "Pursuant to Federal Rule of Civil Procedure 33, Plaintiff and Counterclaim-Defendant Bilt Technologies, Inc. ('Bilt Tech.') hereby provides the following supplemental responses to Defendant/Counterclaim-Plaintiff BILT, Inc.'s First Set of Interrogatories propounded by Defendant and Counterclaim-Plaintiff BILT, Inc. ('Bilt Inc.') to Bilt Tech. on February 11, 2022" (Bilt Tech.'s 4/4/2022 Supplemental Interrog. Resps., Preamble and every paragraph thereafter);

- "My name is Amanda Freyre with Pillsbury on behalf of plaintiff Bilt Tech." (5/17/2022 Qureshi Dep. 7:19-21);

- "My name is Mark Litvack. . . . [C]ounsel for Bilt Tech." (5/19/2022 Henderson Dep. 6:12-16);

- "Plaintiff/Counterclaim-Defendant Bilt Technologies, Inc. ('Bilt Tech.') respectfully seeks leave pursuant to Your Honor's Individual Rules of Practice to file a motion for summary judgment on Claims I-IV alleged in Defendant/Counterclaim-Plaintiff Bilt, Inc.'s ('Bilt, Inc.') Counterclaims (Dkt. No. 20)" (Bilt Tech.'s 8/12/2022 Summ. J. Letter to Court, ECF No. 51 at introductory sentence and every paragraph thereafter); and

- "Plaintiff/Counterclaim-Defendant Bilt Technologies, Inc. ('Bilt Tech.') submits this response in opposition to Defendant/Counterclaim-Plaintiff Bilt, Inc.'s ('Bilt Inc.') letter dated August 12, 2022 (Dkt. No. 52) ('Bilt Inc.'s Letter') requesting this Court grant Bilt Inc. leave to file a motion for summary judgment to seek dismissal of Bilt Tech.'s claims in the Complaint (Dkt. No. 1) ('Complaint') and entry of judgment in favor of its Counterclaims (Dkt. No. 20)" (Bilt Tech.'s 8/18/2022 Summ. J. Resp. Letter to Court, ECF No. 53 at introductory sentence and every paragraph thereafter).

Why does Plaintiff/Counterclaim-Defendant now refuse to be called by Bilt Tech. or Bilt Technologies, Inc.? Why did it never "present itself" as Bilt Rewards until trial?

In the "alternative," Bilt Technologies, Inc. states that it should be "referred to as 'Plaintiff' and Bilt Inc. be referred to as 'Defendant' in all submissions to the jury." This is unworkable, as Bilt Inc. has substantial affirmative claims against Bilt Tech. For example, Bilt Inc. asserts infringement of its federally registered trademark BILT (the only trademark registration awarded to either Party in this case). Bilt Inc.'s damages claim vastly exceeds any possible damages sought by Bilt Tech. (*see* Section VII below), and Bilt Inc. is ready to try this case at the Court's earliest available date – whereas Bilt Tech. apparently wants to delay this matter. All indications point to Bilt Inc. as the rightful plaintiff, and even Bilt Tech. acknowledges in the agreed-upon Jury Instruction No. 1 that "each party is a 'Plaintiff' as to its respective claims, and each party is a 'Defendant' in its defense of the other party's claims. Each party is the 'claimant' for each of their individual claims against the other party." (Ex. G hereto.) Accordingly, having a verdict form and jury instructions that refer to Bilt Tech. as the only "Plaintiff," and Bilt Inc. as the only "Defendant," would be impractical and confusing to the jury.

## I. IDENTIFICATION OF TRIAL ATTORNEYS

### a. For Bilt Rewards:

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
MARK D. LITVACK
*mark.litvack@pillsburylaw.com*
Mobile: (818) 416-7929
RYAN R. ADELSPERGER
*ryan.adelsperger@pillsburylaw.com*
Mobile: (941) 330-6448
31 West 52nd Street
New York, NY 10019
Tel: (212) 858-1000
Fax: (212) 858-1500

CAROLYN S. TOTO (*pro hac vice*)
*carolyn.toto@pillsburylaw.com*
Mobile: (415) 310-2184
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5406
Tel: (213) 488-7100
Fax: (213) 226-4018

### b. For Bilt Inc.:

**NIRO MCANDREWS, LLP**
Raymond P. Niro, Jr. (*pro hac vice*)
*RNirojr@niro-mcandrews.com*
Mobile: (224) 634-5554
Kyle D. Wallenberg (*pro hac vice*)
*KWallenberg@niro-mcandrews.com*
Mobile: (630) 370-0054
21660 West Field Parkway, Suite 118
Deer Park, Illinois 60010
(312) 755-8575

## II. STIPULATED FACTS AND TESTIMONY

Counsel for the Parties have met face-to-face via videoconference for the purpose of endeavoring to reach agreement upon stipulated facts, and set forth the following stipulations:

1.      Bilt [Tech.] [Rewards] is a Delaware corporation with its headquarters in New York, New York.

2.      Bilt Inc. is a Delaware corporation with its headquarters in Grapevine, Texas.

5

3.      Bilt [Tech.] [Rewards] launched its program and the Bilt Mastercard in June 2021.

4.      The spelling of the "BILT" mark is identical for both Bilt [Tech.] [Rewards] and Bilt Inc.

5.      The pronunciation of the "BILT" mark is identical for both Bilt [Tech.] [Rewards] and Bilt Inc.

6.      Bilt Inc. used the mark "BILT" before Bilt [Tech.] [Rewards] was formed.

III.    **SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED**

   **a. For Bilt Rewards**

      1.    **Bilt Rewards' Statement of Its Affirmative Claims**

Bilt Rewards asserts that Bilt Inc.'s unauthorized use of the "BILT" mark in connection with financial services and related loyalty rewards program creates confusion by suggesting sponsorship by, affiliation with, or authorization from Bilt Rewards when there is no such relationship.  Bilt Inc.'s unauthorized and bad faith use of the "BILT" mark, including purchasing URLs comprising the terms "rewards" and "loyalty" and redirecting to Bilt Inc.'s website, to suggest a connection with Bilt Rewards' goods and services is causing irreparable harm to Bilt Rewards by confusing and misleading consumers as to the source of the parties' goods and services.  Bilt Inc. seeks to stifle Bilt Rewards' entrepreneurialism and early resounding success by encroaching into the market space occupied by Bilt Rewards in order to bolster its chance of success in opposing Bilt Rewards' trademark application and improperly blocking it out of a market that Bilt Inc. was never in.  Bilt Rewards will pursue the following claims at trial:

   a.    Count I for false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a), concerning Bilt Inc.'s use of the mark "BILT," which infringe Bilt Rewards' exclusive right to use the "BILT" mark in connection with its consumer loyalty and

6

financial services program;

b.   Count II for unfair competition in violation of the common law of the State of New York;

c.   Count III for New York State common law trademark infringement concerning the "BILT" mark," which infringe Bilt Rewards' use of the "BILT" mark in connection with its loyalty and financial services program;

d.   Count IV for a declaratory judgment of non-infringement pursuant to 28 U.S.C. § 2201 *et seq.*, which entitles Bilt Rewards to a declaration that it does not infringe and has not infringed Bilt Inc.'s '528 Registration.

2.   **Bilt Rewards submits the following affirmative defenses to Bilt Inc.'s Counterclaims (set forth in Section III(b)(1) below) as follows:**

a.   Bilt Inc.'s claims for relief are barred in whole or in part by the doctrine of unclean hands;

b.   Bilt Inc.'s claims for relief are barred in whole or in part due to trademark misuse;

c.   Bilt Inc.'s claims for relief are barred in whole or in part because, on information and belief, Bilt Inc. falsely declared its existing use of and intent to use the "BILT" mark in connection with services in International Classes 35 and/or 36;

d.   Bilt Inc.'s claims for relief are barred in whole or in part because Bilt Inc. has not suffered any damages or economic injury based on the acts complained of herein, a fact admitted by Bilt Inc.; and

e.   Bilt Inc.'s claims for relief are barred in whole or in part due to Bilt Inc.'s failure to mitigate damages, if any.

**b.   For Bilt Inc.:**

1.   **Bilt Inc.'s Statement of Its Affirmative Claims**

Bilt Inc. is the only Party in this litigation that has obtained a federal trademark registration for the name "BILT" (U.S. Trademark Registration No. 4,981,528 ("the '528 Registration")). Bilt Tech.'s unauthorized and bad faith use of the "BILT" mark is likely to cause (and is actually causing) consumers to erroneously believe that (i) Bilt Tech.'s goods and services are manufactured or distributed by Bilt Inc., or are associated or connected with Bilt Inc., or have the sponsorship, endorsement, or approval of Bilt Inc.,

and (ii) the goods and services marketed by Bilt Inc. are produced by Bilt Tech. Bilt Tech.'s use of the "BILT" mark began years after Bilt Inc. entered the marketplace with its award-winning "BILT" mobile application, and years after the United States Patent and Trademark Office issued Bilt Inc.'s '528 Registration. Bilt Tech.'s infringement has caused (and continues to cause) irreparable harm to Bilt Inc. by confusing and misleading consumers as to the source of the Parties' goods and services.

As set forth below in Bilt Inc.'s "Statement of Damages and Relief Sought" (Section VII(b)), Bilt Inc. has been significantly damaged by Bilt Tech.'s willful infringement of Bilt Inc.'s trademark rights in the "BILT" name, entitling Bilt Inc. to, among other things, injunctive relief and an award of all profits received by Bilt Tech. from the sale of its infringing products and services.

Bilt Inc. will pursue the following claims at trial:

a.   Count I for trademark infringement of Bilt Inc.'s '528 Registration pursuant to 15 U.S.C. § 1114(1);

b.   Count II for New York State common law trademark infringement;

c.   Count III for false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a), concerning Bilt Tech.'s unauthorized use of the "BILT" mark;

d.   Count IV for New York State common law unfair competition; and

e.   Count V for declaratory judgment of non-infringement pursuant to 28 U.S.C. § § 2201 *et seq.*, which entitles Bilt Inc. to a declaration that it does not infringe and has not infringed any purported rights Bilt Tech. has in the "BILT" name.

(*See* Bilt Inc.'s Counterclaims, ECF No. 20 at 13-29.)

2.   **Bilt Inc. submits the following affirmative defenses to Bilt Tech.'s claims (set forth in Section III(a)(1) above) as follows:**

a.   Bilt Tech.'s claims for relief are barred, in whole or in part, because Bilt Inc. has priority in the mark "BILT" for each of the uses alleged by the Parties;

b.   Bilt Tech.'s claims for relief are barred, in whole or in part, because

Bilt Inc. has not infringed any applicable trademarks under federal or state law;

c.    Bilt Tech.'s claims for relief are barred, in whole or in part, because Bilt Inc.'s '528 Registration is incontestable;

d.    Bilt Tech.'s claims for relief are barred, in whole or in part, because Bilt Tech. has not suffered any damages or economic injury based on the acts complained of herein;

e.    Bilt Tech.'s claims for relief are barred, in whole or in part, by the doctrine of trademark acquiescence;

f.    Bilt Tech.'s claims for injunctive relief are barred because Bilt Tech. cannot show that it will suffer any irreparable harm from Bilt Inc.'s actions;

g.    Bilt Tech.'s claims for injunctive relief are barred because Bilt Tech. has a complete and adequate remedy at law where, as here, the alleged injury or damage suffered by Bilt Tech., if any, would be adequately compensated by damages;

h.    Bilt Tech.'s claims for relief are barred, in whole or in part, because it has failed to act in good faith;

i.    Bilt Tech.'s claims for relief are barred, in whole or in part, by the equitable doctrines of laches, estoppel, and/or unclean hands;

j.    Bilt Tech.'s claims for relief are barred, in whole or in part, by the doctrine of waiver; and

k.    Bilt Tech.'s claims for relief are barred, in whole or in part, due to Bilt Tech.'s failure to mitigate damages, if any.

## IV.    JURY STATUS AND ESTIMATE AS TO TRIAL TIME

This proceeding will be tried before the Court with a jury. Bilt Inc. expects that the trial of this action, including jury selection, deliberations, and verdict, will take no more than five (5) days, with time equally split between the Parties.  Bilt Rewards expects that the trial of this action will take five (5) or six (6) days, with time equally split between the Parties.

## V.    DEPOSITION DESIGNATIONS

The Parties' deposition designations, counter-designations, and objections are attached hereto as **Exhibit A** and **Exhibit B**. The Parties reserve the right not to offer any such testimony, to use only parts of such testimony, and to use additional deposition testimony for purposes of

impeachment or rebuttal.

## VI.      EXHIBITS

### a.  Bilt Rewards' Exhibit List

A list of exhibits Bilt Rewards in good faith presently expects to offer at trial, other than

those to be used for rebuttal or impeachment purposes, is attached as **Exhibit C** to this Joint Pre-

Trial Order.  Pursuant to Rule 6.A.vi of the Court's Individual Rules of Practice, one star indicates

that Bilt Inc. has no objection on grounds of authenticity and two stars indicate no objection on

any ground.  Bilt Rewards reserves the right not to introduce any of the exhibits listed on **Exhibit**

**C**, to introduce only parts of those exhibits, and to introduce additional exhibits which cannot be

identified until the time of trial, for impeachment or rebuttal purposes.

### b.  Bilt Inc.'s Exhibit List

A list of exhibits Bilt Inc. in good faith presently expects to offer at trial is attached as

**Exhibit D** to this Joint Pre-Trial Order.  Pursuant to Rule 6.A.vi of the Court's Individual Rules

of Practice, one star indicates that Bilt Tech. has no objection on grounds of authenticity and two

stars indicate no objection on any ground. Bilt Inc. reserves the same rights identified above by

Bilt Tech.

### c.  Demonstratives

Bilt Rewards' Proposed Timing:

To the extent not listed on the Parties' respective exhibit lists, the Parties agree that they

will serve any demonstrative exhibits to be used in openings or during the course of trial no later

than [14] days prior to the commencement of trial.  Any objections to a party's demonstrative

exhibit(s) shall be served upon the other party [7] days prior to the commencement of trial.  The

Parties shall promptly confer regarding any objections and shall notify the Court of any remaining

disputes no later than [5] days prior to the commencement of trial.

Bilt Inc.'s Proposed Timing:

Bilt Inc. agrees to exchange demonstrative exhibits [5] days prior to trial, with objections [3] days thereafter. However, because trials are a dynamic process, frequently it is necessary to create additional demonstrative exhibits more closely tailored to the evidence as presented at trial. Therefore, Bilt Inc. submits that the Parties identify and exchange any additional demonstrative exhibits no later than 8:00 p.m. the evening before they are to be used at trial, and to provide any objections no later than 7:00 a.m. the following morning. The Parties shall promptly confer regarding any objections and shall thereafter notify the Court of any remaining disputes.

## VII.  STATEMENT OF DAMAGES AND RELIEF SOUGHT

### a.  Bilt Rewards' Damages and Relief Sought

Bilt Rewards seeks the following forms of relief:

1.   That Bilt Inc., its agents, servants, employees, successors, assigns and attorneys and any related companies, and all persons in active concert or participation with one or more of them be permanently enjoined and restrained from unlawfully using the "BILT" mark, or any other mark that is confusingly similar to it, in connection with financial services and related consumer loyalty and rewards programs;

2.   For an award of compensatory damages in an amount to be determined at trial;

3.   For a finding that this is an exceptional case under the Lanham Act;

4.   For treble damages pursuant to 15 U.S.C. § 1117;

5.   For exemplary damages as authorized by law;

6.   For an award of reasonably attorney fees, investigatory fees and expenses;

7.   For a declaration that Bilt Inc. does not infringe U.S. Trademark Registration No. 4981528; and

8.       For any such other relief that the circumstances may require and that the Court deems just and proper.

**b. Bilt Inc.'s Damages and Relief Sought**

Bilt Inc.'s damages pursuant to 15 U.S.C. § 1117(a) include the profits obtained by Bilt Tech. from its trademark infringement. Bilt Inc.'s burden of proof is satisfied by showing Bilt Tech.'s revenue from products and services offered under the "BILT" name. (*See, e.g., Lexington Furniture Industries, Inc., d/b/a Lexington Home Brands v. The Lexington Company, AB, d/b/a The Lexington Clothing Company*, No. 1:19-cv-06239-PKC (S.D.N.Y. June 3, 2022) (Castel, J.) ("*Lexington*"), ECF No. 221 at Page 33 of 70 ("[The claimant] has the burden of proving by a preponderance of the evidence the amount of [the offending party's] gross revenues from its sale of products or services bearing the infringing mark.").)

According to its own documents, Bilt Tech.'s infringing revenue through January 2023 is $41,456,974.03. (BTECH0063323.) As Bilt Tech. has not met its burden of proving any deductible expenses, Bilt Inc. is entitled to damages equal to the full revenue amount of $41,456,974.03. (*Lexington*, ECF No. 221 at Pages 33-34 of 70 ("[The offending party] has the burden of proving by a preponderance of the evidence any costs or expenses to be deducted from its gross revenue. . . . If [the offending party] fails to establish any expense by a preponderance of the evidence, [the jury] should not deduct that expense from the gross revenues.").) This damages figure will be updated upon production of Bilt Tech.'s additional revenue information through the trial date.

In addition, Bilt Inc. seeks the following forms of relief:

1.       That Bilt Tech., its officers, directors, agents, employees, successors, assigns, attorneys, any related companies, and all other persons or entities in active concert

or participation with one or more of them, be permanently enjoined from:

      a.     engaging in any further use of marks or brands that are identical or confusingly similar to "BILT";

      b.     directly or indirectly using in commerce an identical or confusingly similar imitation of the mark "BILT" in connection with the sale, offer for sale, distribution, promotion, or advertisement of any goods and/or services; and

      c.     using a mark that is identical or confusingly similar to "BILT" in commercial advertising or promotion, and thus misrepresenting the nature, characteristics, and/or qualities of Bilt Tech.'s products and services;

2.     Awarding Bilt Inc. damages in an amount to be determined at trial as provided for in 15 U.S.C. § 1117(a), including an award of all profits received by Bilt Tech. from the sale of its products and services under the name "BILT";

3.     Awarding Bilt Inc. treble damages pursuant to 15 U.S.C. § 1117(a);

4.     Awarding exemplary damages as authorized by law;

5.     Awarding punitive damages as a result of Bilt Tech.'s unfair competition under New York law;

6.     A finding that this is an exceptional case under the Lanham Act;

7.     Awarding the costs, fees, and expenses incurred in this action, including, without limitation, reasonable attorney fees to the extent permitted by law;

8.     Awarding pre-judgment and post-judgment interest on all sums awarded in the Court's judgment;

9.     Entering a declaratory judgment that:

      a.     Bilt Inc. is the priority user of the mark "BILT" in connection with

the products and services offered by the Parties; and

   b. Bilt Inc.'s use of the mark "BILT" does not violate the Lanham Act or otherwise run afoul of applicable state and federal law;

  10. Directing Bilt Tech. to deactivate its "BILT" mobile application to prevent any further use or download of the application;

  11. Directing Bilt Tech. to deactivate its website, biltrewards.com, and any links thereto hosted on other websites subject to Bilt Tech.'s control;

  12. Directing Bilt Tech. to destroy any goods or marketing materials bearing the "BILT" mark, or any confusingly similar name, in the possession, custody, or control of Bilt Tech.; and

  13. Awarding BILT Inc. such other and further relief as the Court may deem just and proper.

## VIII. WITNESSES

Pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), the Parties identify the following witnesses that they expect to call at trial.

   **a. Bilt Rewards' Witnesses:**

     1.     Ankur Jain

     2.     Zoe Oz

     3.     Professor David Reibstein

     4.     Professor Gal Zauberman

     5.     Nathan Henderson

     6.     Ahmed Qureshi

     7.     Paul Ratcliffe

     8.     Gina Henderson

     9.     Juliette Qureshi

Bilt Inc. objects to Gina Henderson and Juliette Qureshi being called to testify in Bilt Tech.'s case-in-chief as duplicative, harassing, and in violation of at least Rules 26 and 45 of the Federal Rules of Civil Procedure.

   **b. Bilt Inc.'s Witnesses:**

     1.     Nathan Henderson

     2.     Ahmed Qureshi

     3.     Sarah Butler

     4.     Ankur Jain

The Parties reserve the right to call additional witnesses as needed or as permitted by the Local Rules and the Court for purposes of impeachment and rebuttal.

## IX.    PROPOSED *VOIR DIRE* QUESTIONS

The Parties' proposed *voir dire* questions are attached as **Exhibit E** and **Exhibit F** to this Joint Pre-Trial Order.

## X.    PROPOSED JURY INSTRUCTIONS

The Parties' proposed jury instructions are attached as **Exhibit G** to this Joint Pre-Trial Order. The Parties' alternative instructions, along with authorities in support and objections, are

presented where required.

## XI.    PROPOSED VERDICT FORMS

The Parties' proposed verdict forms are attached as **Exhibit H** and **Exhibit I** to this Joint

Pre-Trial Order.

## XII.    MODIFICATION OF ORDER

The Court may, to prevent manifest injustice or for good cause shown, at the trial of the

action or prior thereto, upon application of counsel for any Party made in good faith, or upon the

Court's own motion, modify this Joint Pretrial Order to the extent that the Court may deem such

modifications to be just and proper.

SO ORDERED

_____, 2023        _____

New York, New York                   HON. P. KEVIN CASTEL
                                     UNITED STATES DISTRICT JUDGE

*The parties will be referred to as "Bilt Technologies" and "Bilt, Inc."*

SO STIPULATED AND AGREED.


_/s/ Mark D. Litvack_                                              _/s/ Raymond P. Niro_

Dated: March 27, 2023                                    Dated: March 27, 2023

PILLSBURY WINTHROP SHAW PITTMAN LLP                 NIRO MCANDREWS, LLP

MARK D. LITVACK
RYAN R. ADELSPERGER
31 West 52nd Street
New York, NY 10019
*mark.litvack@pillsburylaw.com*
*ryan.adelsperger@pillsburylaw.com*
Tel:  (212) 858-1000
Fax: (212) 858-1500

Raymond P. Niro, Jr. (*pro hac vice*)
*RNirojr@niro-mcandrews.com*
Kyle D. Wallenberg (*pro hac vice*)
*KWallenberg@niro-mcandrews.com*
21660 West Field Parkway, Suite 118
Deer Park, Illinois 60010
(312) 755-8575

*Attorneys for Defendant/Counterclaim-Plaintiff BILT, Inc.*

CAROLYN S. TOTO (*pro hac vice*)
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5406
*carolyn.toto@pillsburylaw.com*
Tel: (213) 488-7100
Fax: (213) 226-4018


*Attorneys for Plaintiff/Counterclaim-Defendant BILT TECHNOLOGIES, INC.*